IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-02728-GPG

JEROME L. GRIMES,

     Plaintiff,

v.

COLORADO SPRINGS APARTMENT MANAGEMENT, and
SSP, 720 CHAPMAN, LLC, d/b/a Pine Creek Apartments,

     Defendants.

---

ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND
DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Jerome Grimes, resides in Eatonville, Florida.   Mr. Grimes initiated this action on September 8, 2020 by filing a Complaint (ECF No. 1) and an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (ECF No. 2). Plaintiff will be granted leave to proceed pursuant to 28 U.S.C. § 1915 solely on the basis of inability to prepay fees or give security therefor.

The Court construes Mr. Grimes' filings liberally because he is not represented by an attorney.   *See Haines v. Kerner*, 404 U.S. 519, 520- 21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the Court should not act as an advocate for a *pro se* litigant.   *See Hall*, 935 F.2d at 1110.   For the reasons set forth below, Plaintiff will be directed to file an amended Complaint if he wishes to pursue any relief in this action.

The Complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure.   The twin purposes of a complaint are to give the opposing parties fair

1

notice of the basis for the claims against them so that they may respond and to allow

the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to

relief.   *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery*

*Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).   The requirements of Fed. R.

Civ. P. 8 are designed to meet these purposes.   *See TV Communications Network, Inc.*

*v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir.

1992).   Rule 8(a) provides that a complaint "must contain (1) a short and plain

statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement

of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief

sought."   The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that

"[e]ach allegation must be simple, concise, and direct."   Taken together, Rules 8(a) and

(d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading

rules.   Prolix, vague, or unintelligible pleadings violate Rule 8.

Claims must be presented clearly and concisely in a manageable format that

allows the Court and the defendants to know what claims are being asserted and to be

able to respond to those claims.   *New Home Appliance Ctr., Inc., v. Thompson*, 250

F.2d 881, 883 (10th Cir. 1957).   For the purposes of Rule 8(a), "[i]t is sufficient, and

indeed all that is permissible, if the complaint concisely states facts upon which relief

can be granted upon any legally sustainable basis."   *Id.*

To the extent Mr. Grimes is invoking the Court's diversity jurisdiction, pursuant to

28 U.S.C. § 1332(a), he has adequately alleged the he and the Defendants are citizens

of different states.   *See Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d

901, 905 (10th Cir. 2015).   However, he does not allege specific facts to show that he

is entitled to relief under state law.   *See Salt Lake Tribune Publ'g Co. v. Mgmt. Planning, Inc.,* 454 F.3d 1128, 1134 (10th Cir.2006) (citations omitted) (when acting under diversity jurisdiction, federal courts must apply state law).   Indeed, the allegations of the Complaint are largely unintelligible. The only factual allegation the Court is able to discern from the pleading is that Mr. Grimes was subjected to a wrongful eviction proceeding by one or both Defendants in a Colorado court.

The Court will afford Mr. Grimes an opportunity to file an amended pleading that meets the requirements of Fed. R. Civ. P. 8.   **In the Amended Complaint, Plaintiff must allege in a clear, concise, and organized manner what each defendant did to Plaintiff, when the defendant did it, how the defendant' s action harmed him, what specific legal right he believes the defendant violated, and what specific relief he requests.**   *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Grimes is informed that he may choose to contact the Federal Pro Se Clinic at (303) 380-8786 or https://www.cobar.org/cofederalproseclinic for possible assistance in this matter.

### III. Orders

For the reasons discussed above, it is

ORDERED that the Application for Leave to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (ECF No. 1) is GRANTED.   It is

FURTHER ORDERED that Plaintiff shall file, **within thirty (30) days from the date of this Order**, an Amended Complaint on the court-approved Complaint form that complies with the directives in this Order.   It is

FURTHER ORDERED that Plaintiff shall obtain the current Court-approved

Complaint form, along with the applicable instructions, at www.cod.uscourts.gov.   It is

FURTHER ORDERED that, if Plaintiff fails to file an amended Complaint that

complies with this Order within the time allowed, the action will be dismissed without

further notice for the reasons discussed above.   It is

FURTHER ORDERED that the Clerk of the Court shall not issue process until

further order of the Court.   It is

FURTHER ORDERED that the United States Marshals Service shall serve

process on any remaining Defendant(s) for whom personal service is required if the

case is ultimately drawn to a district judge and/or a magistrate judge under

D.C.COLO.LCivR 8.1(c).

DATED September 10, 2020.

BY THE COURT:

Gordon P. Gallagher
United States Magistrate Judge