**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 20-cv-2728-WJM-NRN

JEROME L. GRIMES,

    Plaintiff,

v.

SSP, 720 CHAPMAN, LLC,

    Defendant.

---

**ORDER ADOPTING OCTOBER 12, 2022,
RECOMMENDATION OF MAGISTRATE JUDGE**

---

This matter is before the Court on the October 12, 2022, Report and Recommendation of U.S. Magistrate Judge N. Reid Neureiter ("Recommendation") (ECF No. 116) that Defendant's Motion for Summary Judgment (ECF No. 79) be granted and Plaintiff's Motion for Summary Judgment (ECF No. 85) be denied. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

Plaintiff timely filed his Objection. (ECF No. 117.) Defendant did not file a response. For the reasons explained below, Plaintiff's Objection is overruled, and the Recommendation is adopted in its entirety.

## I. BACKGROUND

Jerome Grimes, proceeding *pro se*, sues his former landlord, SSP, 720 Chapman, LLC ("SSP"), for defamation based on: (1) its initiation of an allegedly wrongful eviction proceeding against him; and (2) its allegedly false reporting of a past

due amount to consumer reporting agency Equifax. (ECF No. 116 at 2.) Plaintiff claims these actions damaged his credit, which resulted in him being unable to get financial aid to pursue studies at Capella University. (*Id.*)

Defendant moves for summary judgment, arguing that this action is barred by claim preclusion because it was the subject of an earlier lawsuit filed by Plaintiff. (*Id.*) Defendant further argues that Plaintiff's claim is preempted by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681h(e). (*Id.* at 2–3.)

## II. RECOMMENDATION

The Recommendation first discusses Plaintiff's prior lawsuit against Defendant. (*Id.* at 5.) In that lawsuit, filed in 2018, Plaintiff asserted various claims against Defendant, including "Defamation of Character as a Bad Tenant Needing Eviction." (*Id.* at 5–6.) U.S. Magistrate Judge Kathleen M. Tafoya recommended dismissing that action, the undersigned adopted Judge Tafoya's recommendation in full, and the lawsuit was dismissed with prejudice. (*Id.*)

In the Recommendation, Judge Neureiter explains: "Claim preclusion requires a judgment on the merits in an earlier action, identity of the parties in the two suits, and identity of the cause of action in both suits." (*Id.* at 6 (citing *Yapp v. Excel Corp.*, 186 F.3d 1222, 1226 (10th Cir. 1999)).) Judge Neureiter finds there was a judgment on the merits in the prior litigation, because it was dismissed with prejudice. (*Id.* (citing *Ostler v. Anderson*, 200 F. App'x 750, 753 (10th Cir. 2006)).) He also finds the parties are identical—Grimes was the plaintiff, and SSP was one of the defendants in the prior litigation.

In analyzing the third element of the test, Judge Neureiter notes that the Tenth

Circuit follows the Restatement (Second) of Judgments.  (*Id.*)  "Under this test, claims 'arising out of the same "transaction, or series of connected transactions" as a previous suit' are precluded."  (*Id.* (quoting *Yapp*, 186 F.3d at 1227).)

> What constitutes the same transaction or series of transactions is "to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage."

*Yapp*, 186 F.3d at 1227 (quoting Restatement (Second) of Judgments § 24).  Applying this test, Judge Neureiter finds that any claim based on Plaintiff's theory that the eviction proceedings initiated against him by Defendant constituted defamation arises from the same transaction as the prior litigation and is therefore barred by claim preclusion.  (ECF No. 116 at 6–7.)  Judge Neureiter comes to the opposite conclusion with respect to a theory based on Defendant's credit reporting to Equifax.  (*Id.*)  Because Plaintiff "did not explicitly raise a claim about the debt reporting in his original lawsuit" and the events underlying the prior litigation and the credit-reporting defamation theory are remote in time, Judge Neureiter concludes that they are "separate and distinct claim[s]."  (*Id.* at 8.)

Nonetheless, Judge Neureiter concludes that the defamation claim should be dismissed because it is preempted by the FCRA.  (*Id.* at 9–10.)  The FCRA preempts state defamation claims against a party furnishing information to a consumer reporting agency unless the furnisher provided "false information with malice or willful intent to injure . . . [the] consumer."  15 U.S.C. § 1681h(e).  Judge Neureiter concludes that "[a]ny allegations that SSP acted willfully, knowingly, or recklessly are conclusory," and "[t]he record does not contain any evidence to support an inference of ill-will or hostility."  (*Id.* at 9–10.)

3

### III. STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to."  An objection to a recommendation is properly made if it is both timely and specific.  *United States v. One Parcel of Real Property Known as 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).  An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."  *Id.*  In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*

### IV.  ANALYSIS

Plaintiff's objections can be reduced, substantively, to two arguments: (1) the Recommendation "confused" the prior litigation with the current action; and (2) the Recommendation ignored evidence showing the false credit reporting was done with malice or intent.  (ECF No. 117 at 1–7.)

**A.    The Recommendation Does Not Confuse the Prior Litigation with the Current Action**

Plaintiff argues that the Recommendation confuses this action with the prior litigation.  (*Id.* at 2.)  The balance of the Objection, whether framed as "confusion" on the part of Judge Neureiter or not, focuses on the fact that Plaintiff did not discover the negative credit reporting until he was rejected for a student loan.  (*Id.* at 3–7.)  But this argument is unavailing because Judge Neureiter concludes that a defamation claim based on the credit reporting is not barred by claim preclusion.  (ECF No. 116 at 8–9.)

4

As for the Plaintiff's leading argument: Plaintiff is mistaken, and Judge Neureiter is not confused. The reason Judge Neureiter recommends dismissal is not that he does not realize Plaintiff has filed multiple lawsuits or that he is confused as to which allegations were contained in which lawsuit's complaint. Rather, as the Recommendation clearly lays out, the decision is based on the doctrine of "claim preclusion,"[1] which prevents serial lawsuits and piecemeal resolution of claims that, for reasons of logic and economy, should be considered together. (*Id.* at 5–9.)

The Court finds this portion of the Recommendation's analysis well-reasoned and overrules Plaintiff's objection to it.

## B.   The Recommendation Does Not Ignore Evidence

Plaintiff also argues that the Recommendation ignores relevant evidence. He argues that the following facts are sufficient to show malice or intent, permitting his claim to proceed under the FCRA: (1) Defendant knew perceived creditworthiness was important to Plaintiff; (2) Defendant knew Plaintiff was a low-income student; (3) Defendant knew the eviction proceedings against Plaintiff had been dismissed; (4) Defendant knew Plaintiff could not afford a lawyer and was *pro se* during the eviction proceedings; and (5) Defendant knew Plaintiff did not owe it money. (ECF No. 117 at 5.) Plaintiff separately filed 52 pages of exhibits in support of the Objection (ECF No. 118) and refers to these exhibits in the argument portion of the Objection. (*E.g.*, ECF No. 117 at 6.) The Court has reviewed these exhibits, which consist of excerpts from: (1) the Second Amended Complaint (ECF No. 7); (2) filings from the prior litigation; (3) his rental agreement with Defendant; and (4) a collection letter. (ECF No. 117.)

---

[1] As the Recommendation also explains, this concept is sometimes referred to as *res judicata*, a Latin phrase meaning "a matter judged." (ECF No. 116 at 6.)

5

In its Motion for Summary Judgment, Defendant points to the lack of evidence to support Plaintiff's assertion of malice or intent. (ECF No. 79 at 7–8.) It argues that Plaintiff has the burden of proving this heightened mental state, and mere falsity of the information furnished to a consumer reporting agency does not meet this burden. (*Id.*) Once the moving party has pointed to a lack of evidence to support an essential element of its opponent's claim, "the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works, Inc. v. City & Cnty. of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994) (citing *Celotex Corp v. Catrett*, 477 U.S. 317, 325 (1986)). And while the evidence does not need to be presented in a form that can ultimately be admitted at trial, Plaintiff must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324. Plaintiff's exhibits do not meet this burden, and the Court concludes that Judge Neureiter correctly finds that Plaintiff's defamation claim is preempted by the FCRA.

Plaintiff's objection to this portion of the Recommendation is overruled.

## V. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. The Magistrate Judge's Recommendation (ECF No. 116) is ADOPTED in its entirety;
2. Plaintiff's Objection (ECF No. 117) is OVERRULED;
3. Defendant's Motion to Dismiss (ECF No. 79) is GRANTED, and this case is accordingly DISMISSED WITH PREJUDICE;

6

4. Plaintiff's Motion for Summary Judgment (ECF No. 85) is DENIED AS MOOT;

5. The Clerk shall enter judgment in favor of Defendant and against Plaintiff, and shall terminate this case; and

6. The parties shall bear their own costs.

Dated this 14th day of March, 2023.

BY THE COURT:

_____
William J. Martinez
Senior United States District Judge